**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for BANKUNITED, F.S.B,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC K. HSING, an individual d/b/a K.C. & ASSOCIATES f/k/a K.C. APPRAISAL SERVICES,<br><br>Defendant. | Case No.: 12-CV-1530 YGR<br><br>**ORDER GRANTING MOTION OF FEDERAL DEPOSIT INSURANCE CORPORATION TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiff and Cross-Defendant Federal Deposit Insurance Corporation, Receiver for BankUnited, F.S.B. ("FDIC") filed its complaint against Defendant Eric K. Hsing, an individual d/b/a K.C. & Associates f/k/a K.C. Appraisal Services ("Hsing") alleging claims for fraud, negligence and breach of contract.  FDIC contends that Hsing, in his business as a real estate appraiser, negligently prepared an appraisal that contained material misrepresentations upon which BankUnited, F.S.B. ("BankUnited") relied.  Hsing filed his First Amended Answer to Complaint and Counterclaim Against Plaintiff and Third Party Complaint on June 15, 2012, alleging affirmative claims against FDIC for equitable indemnity/contribution; comparative negligence/fault; tort of another; and declaratory relief, as well as affirmative defenses of, *inter*

*alia*, comparative negligence, superseding/intervening cause, apportionment of fault, failure to mitigate, tort of another, and set off. (Dkt. No. 13 ["FACC"].)

FDIC has filed a Motion to Dismiss on the grounds that the Court lacks subject matter jurisdiction based on mootness and failure to exhaust administrative remedies, and that prudential mootness considerations warrant dismissal.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss without leave to amend.[1]

## STANDARDS APPLICABLE TO THE MOTION

A party seeking dismissal of a claim based on lack of subject matter jurisdiction under Rule 12(b)(1) may make on a facial challenge resting on the allegations of the complaint, or may point to to evidence beyond the pleadings. *See White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000); *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Circ. 1979). In the latter type of motion, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Subject matter jurisdiction cannot be waived, and the issue of lack of jurisdiction can be raised at any time by either party or the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). Because federal courts are presumed to lack subject

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **August 21, 2012**.

2

matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006).

## SUMMARY OF RELEVANT FACTS

On or about April 5, 2007, Hsing prepared the appraisal report that gives rise to the underlying complaint. (FACC ¶ 13.) The appraisal was apparently obtained in connection with a mortgage refinance transaction. BankUnited, the lender, recorded a deed of trust secured by the subject property on or about July 16, 2007. (FACC ¶ 14.) The owner of the property defaulted on his mortgage shortly thereafter, and the property was eventually sold in foreclosure, with a Trustee's Deed Upon Sale having been recorded on or about September 16, 2008. (FACC ¶ 26.)

On May 21, 2009, the Office of Thrift Supervision closed BankUnited and appointed FDIC as its receiver. Request for Judicial Notice ("RJN"), Exh. 1 (75 Fed. Reg. 68789 (Nov. 2, 2010) [Determination of Insufficient Assets To Satisfy Claims Against Financial Institution in Receivership]; 2010 WL 4411988). By Notice published November 2, 2010, the FDIC formally determined as to BankUnited that "insufficient assets exist to make any distribution on general unsecured creditor claims (and any lower priority claims) and therefore all such claims, asserted or unasserted, will recover nothing and have no value." *Id*. (hereinafter "the Worthlessness Determination").

## DISCUSSION

When the FDIC is appointed as receiver, the receiver succeeds to "all rights, titles, powers and privileges of" the bank, and may "take over the assets of and operate" the bank with all the powers thereof. 12 U.S.C. § 1821(d)(2)(A)(i); 12 U.S.C. § 1821(d)(2)(B)(i). The Federal Deposit Insurance Act requires the FDIC to use deposit insurance funds in the least costly method to the insurance fund in resolving a failed financial institution like BankUnited. *See* 12 U.S.C. §

1823(c)(4)(A).  The order of priority for the payment of claims against the failed institution in receivership is set forth in 12 U.S.C. § 1821 (d)(11)(A).  Under this section, administrative expenses of the receiver are paid first, followed by any liabilities owed to depositors of the failed institution, and then general creditor claims.  *See* 12 U.S.C. § 1821 (d)(11)(A).  Moreover, the "maximum liability" of the FDIC to any creditor of a failed institution in receivership is limited to the amount that the creditor would have received upon liquidation of the failed institution.  *See* 12 U.S.C. § 1821 (i)(2).  "In enacting [section 1821(i)(2)], Congress unequivocally expressed its intent to limit the maximum liability of the FDIC to the amount the claimant would have received in a liquidation under federal priority regulations" such that creditors of a failed depository institution would "look only to the assets of the institution for recovery of their losses, and not to the taxpayers."  *First Indiana Fed. Sav. Bank v. FDIC*, 964 F.2d 503, 507 (5th Cir. 1992).

## I.     Mootness Due to Worthlessness Determination

A court has no subject matter jurisdiction over "a claim as to which no effective relief can be granted."  *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984).  Such a claim is considered moot since it has lost its character as a "live, present controversy." *Id.* "To satisfy Article III's case or controversy requirement, [a claimant] 'must have suffered some actual injury that can be redressed by a favorable judicial decision.'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007) (quoting *F.D.I.C. v. Kooyomjian*, 220 F.3d 10, 14-15 (1st Cir. 2000) (quoting *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983)).  It is well established that when no assets remain in an FDIC receivership to satisfy an unsecured creditor's claim, such a claim is moot.  *Id. at* 615 (citing similar cases from the First, Seventh and Eighth Circuit Courts of Appeals).

4

Hsing argues that his claims arose after the Worthlessness Determination and could not have been known earlier since they were created by FDIC's filing of the underlying litigation. He argues that the cases holding that claims against the receivership are moot all concern cases where the claims arose prior to a worthlessness determination. Hsing's arguments are not persuasive for a number of reasons. First, the principal of mootness applies regardless of whether the claim arose before or after the Worthlessness Determination, and Hsing cites no authority to the contrary. *Cf. Henrichs,* 474 F.3d at 615 (claim raised for the first time three years after the receivership was terminated was moot). Second, the claims as alleged by Hsing are that BankUnited did not review the appraisal and did not follow proper underwriting practices in approving the mortgage on the subject property. These claims plainly concern facts occurring prior to the Worthlessness Determination. Third, to the extent that Hsing is basing affirmative claims on the fact that litigation has been filed against him, such claims would be barred by application of California Civil Code 47(b), commonly known as the litigation privilege. *See Silberg v. Anderson*, 50 Cal.3d 205, 213 (1990).

Finally, Hsing argues that barring his claims as moot under these circumstances would be unfair because the receivership is making an affirmative claim against him and, at the very least, he should be allowed to make a claims that would offset any liability to FDIC. Hsing's argument ignores that he has asserted offset, contributory negligence and a host of similar comparative fault theories as affirmative defenses. The affirmative defenses are the appropriate mechanism by which Hsing can raise his offset theory. *See F.D.I.C. v. Warren*, C 11-3260 CW, 2011 WL 5079504 (N.D. Cal. Oct. 25, 2011) (citing *Van Meter v. Bent Constr. Co.,* 46 Cal.2d 588, 595 (1956) (California law would permit, under certain circumstances, an affirmative defense of comparative

fault with respect to a breach of contract and negligent misrepresentation claim alleged by FDIC against a property appraiser).

In short, the Worthlessness Determination establishes that there are no assets remaining in the receivership to satisfy any affirmative claims against FDIC as receiver for BankUnited. Thus, the FDIC as receiver for BankUnited cannot satisfy any claims against it. As a result, Hsing's counterclaims are moot, and dismissal without leave to amend is appropriate.[2]

## II. Administrative Exhaustion

FDIC argues that the claims here should be dismissed for the further reason that Hsing failed to exhaust his claims through the administrative process established in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821. Claims may not be made against the FDIC outside of this claims process, and the Court has no jurisdiction if a claimant fails to exhaust FIRREA's administrative process before suing. *See* 12 U.S.C. § 1821(d)(13)(D); *Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993).

Hsing concededly did not comply with the administrative claims process, though he again asserts that his claims here arose from FDIC's initiation of the underlying complaint and that barring a claim that did not arise until after the time for filing an administrative claim would be unfair. As with his arguments against mootness, and for largely the same reasons, Hsing's arguments are unavailing. Any claim Hsing may have had against the FDIC as receiver on account of BankUnited's underwriting activity was required to go through the established FIRREA process. To the extent he asserts claims arising solely from FDIC's litigation activity against him, his claims

---

[2] Because the Court finds that the claims are moot for Article III jurisdictional reasons, the Court need not and does not reach the additional argument that the claims should be dismissed for prudential mootness reasons. *Cf. Nasoordeen v. F.D.I.C.*, 2010 WL 1135888 (C.D. Cal. Mar. 17, 2010) (dismissing claim for prudential mootness reasons while noting that the Ninth Circuit has never adopted or rejected the doctrine of prudential mootness).

are not cognizable due to the litigation privilege. Hsing's failure to exhaust his administrative remedies against FDIC means that the Court lacks jurisdiction to hear them.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Counter-Claims as against FDIC is **GRANTED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

**Date: August 10, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**