1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

FEDERAL DEPOSIT INSURANCE CORPORATION
as Receiver for BANKUNITED, F.S.B,

        Plaintiff,

      vs.

ERIC K. HSING, an individual d/b/a K.C. &
ASSOCIATES f/k/a K.C. APPRAISAL SERVICES,

        Defendant.

 And cross-action.

**Case No.: 12-CV-1530 YGR**

**ORDER DENYING WITHOUT PREJUDICE
MOTION OF DEFENDANT AND COUNTER-
CLAIMANT ERIC K. HSING TO AMEND HIS
CROSS-COMPLAINT**

Defendant Eric K. Hsing, an individual d/b/a K.C. & Associates f/k/a K.C. Appraisal
Services ("Hsing") filed his "Answer to Complaint, Counterclaim, Joinder and Cross-Claim of
Third Parties" (hereinafter, "Cross-Complaint").[1]  Hsing has filed a motion seeking to amend the
Cross-Complaint to substitute the true names and capacities of a person sued as a "Moe" defendant
in the Cross-Complaint.  (*See* Dkt. No. 33 ["Motion"].)  Specifically, Hsing seeks to add Xun Sun
aka Tommy Sun ("Tommy Sun") as a defendant to the Cross-Complaint in place of Moe 1 on the
theory that Tommy Sun was involved in the real estate transaction at issue in this litigation.

Plaintiff Federal Deposit Insurance Corporation as Receiver for BankUnited, F.S.B. filed its
statement of non-opposition.  (Dkt. No. 34.)

---

[1]  The counterclaims against Federal Deposit Insurance Corporation were dismissed by this Court by
Order issued August 10, 2012. (Dkt. No. 25.)

United States District Court
Northern District of California

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Amend the Cross-Complaint.[2]

Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Any challenge to the proposed amendment is usually deferred until after it has been filed unless it is clear that such amendment would be futile. *DCD Programs,* 833 F.2d at 188; *Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991). Futility is shown only if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988); *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005).

Here, amendment would be futile as there are no allegations against any "Moe" defendants, or specifically "Moe 1" in the Cross-Complaint. The only mention of "Moe" defendants comes in the caption and at page 21, where Hsing alleges that:

> The true names and capacities of the Cross-Defendants named herein as MOES 1-100, inclusive, whether individual, corporate, associate or otherwise, are presently unknown to the Hsing who therefore sue the said Cross-Defendants by such fictitious names; and when the true names and capacities of such MOES 1 through 100, inclusive, are discovered, Hsing will ask leave to amend this Cross-claim to substitute the true names of the said Cross- Defendants.

(Cross-Complaint at ¶5, page 21.) The allegations of cross-claims themselves, beginning at page 22 of the Cross-Complaint are only directed at Fu Tong Sun, First Ohio Banc & Lending, Inc., and Bay Holdings, Inc. The Cross-Complaint states no basis for liability against any Moe defendant.

Indeed the motion itself states only that: (1) that Fu Tong Sun, the borrower who is alleged to have defaulted on his mortgage, is the father of Tommy Sun; (2) Tommy Sun was "involved" in the mortgage transaction in that he paid for the appraisal. (Motion at 2.) The motion does not include any proposed amended complaint nor does it seek to add any new allegations against Moe 1 or Tommy Sun.

---

[2]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **January 29, 2013.**

In the absence of any allegations against Moe 1, amending to substitute Tommy Sun for Moe 1 will not state a claim against him.  Therefore the motion is **DENIED** without prejudice to making a proper showing in a new motion.

   **IT IS SO ORDERED**.

**Date: January 24, 2013**

             **YVONNE GONZALEZ ROGERS**
             **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3