UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for BANKUNITED F.S.B., <br><br>    Plaintiff, <br>    v. <br>ERIC K. HSING, an individual d/b/a K.C. & ASSOCIATES f/k/a K.C. APPRAISAL SERVICES, type of entity unknown, and DOES 1 through 10, inclusive, <br><br>    Defendants. <br>_____/ <br>ERIC K. HSING, dba K.C. & Associates <br><br>    Third Party Plaintiff, <br>    v. <br>FU TONG SUN, an individual; TOMMY SUN, an individual, FIRST OHIO BANC & LENDING, INC., a corporation; and ROES 1 through 100, inclusive, <br><br>    Third Party Defendants. <br>_____/ | No. C 12-01530 LB <br><br>**ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** <br><br>[Re: ECF Nos. 84, 85, & 86] |

Defendant and Third Party Plaintiff Eric K. Hsing, doing business as K.C. & Associates has filed separate motions for default judgment against three Third Party Defendants: (1) First Ohio Banc & Lending, Inc., ECF No. 84; (2) Fu Tong Sun, ECF No. 85; and (3) Xun Sun, also known as Tommy

ORDER
C 12-01530 LB

Sun, ECF No. 86. The motion hearing for all three motions is scheduled for April 3, 2014. *See* ECF No. 87.

The Ninth Circuit has set forth seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Allegations of damage are not deemed true simply because of the defendant's default. Some proof of the amount is required. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Some information appears to be missing from the moving papers, and it is important for the record to be clear because – with defaulting defendants – the undersigned will issue a report and recommendation to the district court.

1. The motions (filed as applications) do not address the *Eitel* factors or apply them to the facts of this case. A moving party also must file points and authorities in support of his motion as required by Civil Local Rule 7-4. Mr. Hsing needs to provide the court with at least one joint memorandum of points and authorities that complies with these rules.

2. Counsel asks for fees and costs but provides no basis – such as billing records or a declaration about the costs – to allow the court to award them. Mr. Hsing asks for $97,177.38 in attorney's fees and $10,925.56 in costs from each Third Party Defendant. *See* Kim Decl. Supp. Default J. Motion Against First Ohio Banc & Lending, Inc. ¶ 15, Ex. G, ECF No. 84-2; Kim Decl. Supp. Default J. Motion Against Fu Tong Sun ¶ 15, Ex. F, ECF No. 85-2 at 3; Kim Decl. Supp. Default J. Motion Against Xun Sun ¶ 13, Ex. G, ECF No. 86-2. Mr. Hsing provides copies of invoices but these just show the total amounts without any detail into the nature of the costs, the attorney's billing rates,

1 qualifications, or the amount of time it took to complete identified tasks.  A quick Westlaw search of
2 default judgment orders will reveal the kind of information needed to support the lodestar analysis
3 on a motion for default judgment.

4     3. As to damages, the court understands that the damages amount appears to be the settlement
5 amount with the FDIC.  That being said, parties moving for default judgment need to provide some
6 grounding and proof of damages.  *See* Fed. R. Civ. P. 54(c); *Sprint Nextel Corp. v. Ngo*, No. 4:12-
7 cv-02764 CW, 2014 WL 869486, at *2 (N.D. Cal. March 3, 2014) (discussing damages
8 determinations; also discussing the *Eitel* factors).

9     Under the circumstances, and given the ultimate reassignment, the record will be clearer after the
10 submission of supplemental declarations addressing the fact issues and a memorandum addressing
11 the *Eitel* factors that complies with Civil Local  Rule 7-4.  Accordingly, the court denies the motion
12 without prejudice.  Mr. Hsing must serve the defaulting parties with a copy of this order and his
13 supplemental filings.  He need not file duplicate copies of any existing declarations he wants to rely
14 on and instead can cite them by docket number.  Mr. Hsing also must file a proof of service.  He also
15 should notice the motion on a regular motions calendar on the ordinary schedule and serve notice of
16 the briefing schedule.  Mr. Hsing also may appear by telephone at the hearing via CourtCall.

17 This disposes of ECF Nos. 84, 85, & 86.

18 **IT IS SO ORDERED**

19 Dated:  March 10, 2013

                                LAUREL BEELER
20                                 United States Magistrate Judge